UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAINE F. ESPINOSA CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-0054-CVE-CDL |
| | ) |
| KELVIN SANCHEZ ROSARIO and | ) |
| C.R. ENGLAND, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion to strike defendant C.R. England's second motion for partial summary judgment (Dkt. # 65). Plaintiff argues that C.R. England's second motion for partial summary judgment is prohibited under LCvR 56-1(a), which provides that "[a]bsent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56." For reasons set forth below, the Court denies plaintiff's motion to strike defendant's second motion for partial summary judgment.

The Court recognizes that local rules generally prohibit filing multiple or successive motions for summary judgment. However, "[a] judge has discretion in any civil or criminal case to waive, supplement, or modify any requirement of these local rules when the administration of justice requires." LGnR1-1(c); <u>Odom v. Potter</u>, 379 F. App'x 740, 742 (10th Cir. 2010)("[T]he local rules themselves accord the district court wide discretion in applying the rules.")[1]  LCvR 56-1(a) is an administrative rule for the dual purpose of judicial economy and efficiency of briefing. While "usual practice" in the Tenth Circuit is to "limit[] parties to a single motion for summary judgment," district

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. <u>See</u> 10TH CIR. R. 32.1.

courts have discretion to control their own dockets in the interests of efficiency. Kirby v. O'Dens, No. 14-CV-388-GKF-PJC, 2015 WL 13016019, at *1 (N.D. Okla. Aug. 21, 2015); see L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc., 125 F. Supp. 3d 1155, 1162 (D. Colo. 2015).

It is in the best interest of each of the parties and this Court's resolution of legal issues to permit C.R. England's second motion for partial summary judgment. "[T]he baseline inquiry into the propriety of successive motions is the extent to which they contribute to the efficient resolution of the issues before the Court." Vera v. Rodriguez, No. CV 16-491 SCY/KBM, 2017 WL 6621048, at *2 (D.N.M. Dec. 27, 2017). Here, defendants C.R. England and Kelvin Sanchez Rosario jointly filed a motion for partial summary judgment on the issue of punitive damages (Dkt. # 60); C.R. England then independently filed a second motion for partial summary judgment on the issues of (1) negligent hiring, training, supervision and retention, and (2) negligent entrustment (Dkt. # 61). Because the latter motion presents different factual and legal issues than the former does–and could not have been jointly filed–a second motion for partial summary judgment better promotes efficient and comprehensive resolution of the issues before the Court.

Plaintiff argues that C.R. England had the option to simply request a page limit extension if it had found that the twenty-five page limit "insufficient to comprehensively brief all issues in a single motion." Dkt. # 65, at 3. Plaintiff is missing the mark; C.R. England's second motion presents issues that may not be in co-defendant Rosario's interests. As stated above, requiring the parties to jointly file a single omnibus document combining the motions, in light of the presented issues, is illogical. In the interest of effective resolution of the legal issues, the Court exercises its discretion to allow the successive motions. Plaintiff' motion to strike C.R. England's second motion for partial summary judgment should therefore be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike defendant's second motion for partial summary judgment (Dkt. # 65) is **denied**.

**DATED** this 9th day of January, 2024.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE